UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EVAPCO, INC., ET AL. | CIVIL ACTION NO. 6:16-cv-01113 |
| VERSUS | JUDGE DOHERTY |
| MIDWEST COOLING TOWER SERVICES, LLC | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending are two related motions. The first is the motion for judgment *pro confesso* that was filed by the plaintiffs, Evapco, Inc., EvapTech, Inc., Evapco Products, Inc. and Tower Components, Inc. (Rec. Doc. 6), and the other is the motion to dismiss the plaintiffs' motion on the basis of insufficient service that was filed by the defendant, Midwest Cooling Tower Services, Inc. (Rec. Doc. 9). The motions were referred to this Court for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the plaintiffs' motion be DENIED, that the defendants' motion be DENIED, and that an order permitting an additional thirty days for service be issued.

## BACKGROUND

The plaintiffs in this lawsuit, collectively referred to hereinafter as Evapco, brought a successful lawsuit in the Circuit Court for Carroll County, Maryland, and obtained a judgment against Mr. and Mrs. Charles A. Peterson and others in the amount of $3,181,054 plus applicable interest.  Evapco then filed this lawsuit against Midwest, alleging that Midwest is indebted to or has control or possession of monies, property, or credits belonging or owed to the judgment debtors.  Evapco's complaint sought to have the judgment issued by the Maryland court recognized, to have Midwest cited as a defendant/garnishee, and to have Midwest ordered to answer a set of garnishment interrogatories in accordance with Louisiana law. (Rec. Doc. 1). This Court ordered that the foreign judgment be recognized and ordered Midwest to answer garnishment interrogatories.  (Rec. Doc. 3).

After filing the complaint, Evapco obtained a summons and attempted to serve Midwest in accordance with Louisiana law by having a deputy sheriff serve Midwest's agent for service of process.  Midwest's agent is Paul E. Wiltz, and his address apparently is the same as Midwest's address in Krotz Springs, Louisiana.  On August 10, 2016, Michael Thibodeaux, a process server retained by Evapco, delivered a copy of the complaint and other documents to an unidentified woman at Midwest's offices.  (Rec. Doc. 5, Rec. Doc. 10-2 at 58).  Evapco then allegedly sent

another copy of the pleadings to Midwest – not to Mr. Wiltz – by Federal Express on August 29, 2016. (Rec. Doc. 10-2 at 72). On September 22, Evapco filed its motion for judgment *pro confesso*, alleging that Midwest had not timely responded to the garnishment interrogatories and contending that Midwest's failure to do so required judgment in Midwest's favor. At some point, Mr. Wiltz acquired actual notice of the lawsuit, and he allegedly spoke with counsel for Evapco on September 27, 2016 concerning Midwest's anticipated responses to the garnishment interrogatories. (Rec. Doc. 10-2 at 86). On October 19, Midwest filed its motion to dismiss Evapco's motion for judgment *pro confesso*, and on November 4, 2016, Midwest responded to the garnishment interrogatories, repeatedly pointing out that Midwest had not been properly served with the garnishment interrogatories. (Rec. Doc. 10-2 at 87-92).

## THE CONTENTIONS OF THE PARTIES

Evapco contends that Midwest was properly served. Although Evapco admits that service was not made as prescribed by Louisiana's procedural rules, Evapco argues that actual notice on the defendant's agent is a sufficient substitute for technically correct service.

Midwest contends that, absent personal service on its agent as required by Louisiana law, service is improper and mandates dismissal of this action.

## LAW AND ARGUMENT

### A.  THE APPLICABLE STANDARD

Absent proper service of process, the court lacks jurisdiction over the defendant.[1] Therefore, if a party is not validly served with process, proceedings against that party are void.[2] Under Federal Rule of Civil Procedure 12(b)(5), a defendant may assert insufficient service of process as a defense to a claim for relief in federal court. When service of process is challenged, the party making service bears the burden of establishing its validity.[3] A district court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[4]

Rule 4 of the Federal Rules of Civil Procedure governs the service requirements for the summons and the complaint. Under Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that

---

[1]  *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

[2]  *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

[3]  *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d at 435.

[4]  *Kreimerman v. Casa Veerkap, S.D. de C. V.*, 22 F.3d 634, 645 (5th Cir. 1994); *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Therefore, when a plaintiff fails to serve a defendant within the requisite time period, the district court has two choices. It may dismiss the action without prejudice or order that service be effected within a specified time; if, however, a plaintiff can establish good cause for the failure to timely serve a defendant, the district court must extend the time for service.[5]

**B.    SERVICE WAS NOT PROPERLY MADE**

This Court finds that Evapco did not properly serve Midwest. Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, a federal litigant has two options for serving a corporation within a judicial district of the United States.

First, a corporation may be served according to the law of the state in which the district court is located.[6] Under Louisiana law, a corporation ordinarily must be served by personal process on its registered agent, although in limited circumstances, personal service may be made on a corporate officer, a director, or an employee at a place of the corporation's business.[7] Louisiana's procedural rules require personal

---

[5] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

[6] Fed. R. Civ. P. 4(h)(1)(A).

[7] Article 1261 of the Louisiana Code of Civil Procedure.

service on the corporation's agent unless the corporation has failed to designate an agent, or if the agent has died, resigned, or been removed or if, following due diligence, service on the agent was not possible.[8] Nothing in the record suggests that Mr. Wiltz had died, resigned, or been removed as Midwest's agent before service was attempted. Further, the evidence presented shows that Evapco made a single attempt to serve Mr. Wiltz with the complaint in this lawsuit but left the summons and complaint with someone other than Mr. Wiltz. Evapco submitted evidence concerning difficulties it encountered in attempting to serve Mr. Wiltz with subpoenas in the underlying lawsuit. (Rec. Doc. 10-2 at 15-17). While the two suits are certainly related, this Court is not persuaded that Evapco's prior difficulties in serving Mr. Wiltz relieved Evapco of its duty to pursue due diligence in personally serving Mr. Wiltz with the complaint in this lawsuit before employing an alternative means of service. This Court is also not persuaded that a single attempt at service is sufficient to constitute due diligence. While Evapco made multiple attempts to serve the subpoena issued by the Maryland court, it tried only once to deliver the summons and other documents issued in this lawsuit to Mr. Wiltz. Evapco's sending a copy of those documents to Midwest by Federal Express did not constitute service because Louisiana's service rules do not recognize that method as valid service. This Court

---

[8] Article 1261 of the Louisiana Code of Civil Procedure.

finds that, because Evapco did not use due diligence in attempting to personally serve Mr. Wiltz, its delivery of the complaint to Midwest's office did not constitute valid service under Louisiana's procedural rules or, consequently, under Rule 4(h)(1)(A).

Second, a corporation may alternatively be served under Rule 4(h)(1)(B) by delivering copies of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Nothing in the record suggests that the unidentified woman to whom copies of the complaint in this case were delivered was authorized by appointment or by law to receive service for Midwest. Thus, service on her was improper under Rule 4(h)(1)(B).

Thus, under either alternative method recognized by Rule 4(h), Evapco failed to properly serve Midwest with the complaint and the garnishment interrogatories.

C. **DOES ACTUAL KNOWLEDGE NEGATE THE SERVICE REQUIREMENT?**

Evapco argued that Mr. Wiltz's actual knowledge of the lawsuit and the garnishment interrogatories negated the need for compliance with the relevant service requirements but cited no Fifth Circuit authority in support of that proposition. Under

the governing jurisprudence, a defendant's actual notice of the litigation is insufficient to satisfy the service rules set forth in Fed. R. Civ. P. 4.[9]

### D. RESOLUTION OF THE PENDING MOTIONS

This Court finds that Evapco failed to serve Midwest properly. Because Evapco did not properly serve Midwest, Midwest's failure to timely respond to the garnishment interrogatories cannot be viewed as an admission of the information sought in the interrogatories and does not require that judgment be issued in Evapco's favor. But Evapco's failure to properly serve Midwest does not require that Evapco's suit be dismissed. Instead, this Court is persuaded that "[w]here there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly, the proper course of action is to quash service and permit a plaintiff another opportunity to complete service rather than dismiss the case."[10] Guided by that principle, this Court further finds that it need not consider whether Evapco had good cause for failing to properly serve Midwest, since the court has discretion to permit additional time for service regardless of the reason for the failed service attempt.

---

[9] *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988); *Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir. 1971). See, also, *Ayika v. Sutton*, 378 Fed. App'x 432, 434 (5th Cir. 2010).

[10] *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 352 (E.D. La. 2011)

Accordingly, this Court recommends that both pending motions should be denied and that the court should exercise its discretion and afford Evapco an additional thirty days in which to serve Midwest. Since it is clear that Midwest has actual knowledge of the suit and of the information sought in the garnishment interrogatories, Midwest is cautioned that any attempt to evade service will not be viewed kindly; in fact, Midwest is encouraged to consider waiving service under Rule 4(d). Therefore, it is further recommended that should Evapco be unable to effect service within the additional time afforded, the court should, upon motion by either party, set this matter for a hearing to determine whether Midwest and/or Mr. Wiltz is attempting to evade service and whether Evapco consequently can establish good cause for its failure to serve Midwest and/or to justify an alternative method of service.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 9th day of December 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE